## COMMONWEALTH vs. DAVID M. FELDMAN.

Suffolk.　Nov. 21. — 25, 1881.　MORTON, ENDICOTT & ALLEN, JJ., absent.

At the trial of an indictment for an assault upon a police officer, committed while the defendant was under arrest for drunkenness, the record of a conviction and sentence of the defendant for drunkenness at the time of his arrest is conclusive evidence of that fact.

INDICTMENT charging the defendant, on February 24, 1881, at Boston, with an assault on George F. Malcolm, a police officer, with a dangerous weapon.

At the trial in the Superior Court, before *Aldrich*, J., Malcolm testified for the government that, on the day alleged in the indictment, he arrested the defendant, without a warrant, on Washington Street, a public street in Boston, for being drunk at the time, and was taking him to the station-house when the alleged assault took place ; and that afterwards he took the defendant before the Municipal Court of Boston, and made a formal complaint against him for said drunkenness, to which complaint, as was shown by the records of said court, the defendant pleaded guilty, and was sentenced to pay a fine, which he paid, and was thereupon discharged.

At the present trial, the defendant offered evidence to show that he was not drunk at the time of said arrest, as alleged in said complaint.　But the judge excluded the evidence, and ruled that the judgment on the complaint was conclusive on that question, as against the defendant, on the trial of the present indictment.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

BY THE COURT.　The conviction and sentence of the defendant for drunkenness was a conclusive adjudication, as between him and the Commonwealth, that he was drunk at the time of his arrest.　*Commonwealth* v. *Evans*, 101 Mass. 25.　*Phillips* v. *Fadden*, 125 Mass. 198.　　　　　　　　　　*Exceptions overruled.*