# Brown v. The State.

### Indictment for Carrying Concealed Weapons.

1. *Plea of former conviction; sufficiency thereof.*—Under an indictment for carrying a pistol concealed about his person, a plea filed by the defendant of former conviction in which it is averred that he had been formerly convicted under an indictment charging him with assault with intent to murder, and that said assault was a part of the same transaction and was committed at the same time as the offense of carrying a concealed weapon, and that the assault was committed with the pistol which he had concealed about ___s person, is insufficient and subject to demurrer upon the ground that the plea shows that the two offenses were separate and distinct.

2. *Carrying concealed weapons; admissibility of evidence.*—On a trial under an indictment for carrying a pistol concealed about his person, it is competent for a witness for the State to testify that he had seen the defendant with a pistol within 12 months prior to the finding of the indictment; such testimony being merely preliminary to showing the defendant had the pistol concealed about his person.

3. *Trial and its incidents; polling of jury.*—When after returning their verdict a jury is polled as provided by statute (Code, §5308), it is not necessary for the jurors to answer by word of mouth, since the answer may be made as intelligibly and affirmatively by the movement of the head as by words.

3. *Carrying concealed weapons; court may sentence defendant to hard labor, in addition to the fine imposed by jury.*—When a

[Brown v. The State.]

defendant is convicted for carrying a pistol concealed about his person, and the jury assesses a fine, the court has authority under the statute (Code §§4420, 5415), to sentence the defendant to hard labor for the county for not more than six months in addition to the punishment by fine imposed by the jury.

APPEAL from the City Court of Talladega.

Tried before the Hon. D. K. MILLER.

The appellant in this case was indicted, tried and convicted for carrying a pistol concealed about his person.

The defendant filed a special plea of former conviction, in which he averred that the same grand jury which preferred the present indictment against him, preferred an indictment against him for assault with intent to murder one Teague Cunningham with a pistol; that upon the trial under the indictment charging an assault with intent to murder, the defendant was convicted of an assault and battery with a weapon; that the offense with which the defendant was so indicted and convicted, and the offense with which he is now indicted were the same, and were based upon the same act; that on the trial under an indictment for assault with intent to murder, it was shown that said assault was committed by the present defendant with a pistol, which he at that time had concealed about his person before the commencement of the difficulty; that the criminal acts set forth in each indictment were identical, although charged under other and different names, and that the same testimony would support both charges.

To this special plea, the State demurred upon the ground that said plea shows on its face that the offense in the former indictment set out in said plea and the one charged in the present indictment are distinct and separate offenses. This demurrer was sustained, and a trial was had on the plea of not guilty.

During the trial one Teague Cunningham was introduced as a witness for the State, and was asked by the solicitor, "If he had within 12 months prior to May 30, 1903 [the date the indictment was filed in court], seen the defendant with a pistol." Upon the witness answering "I saw him with one when he shot me," the defen-

6

dant objected to the answer, and moved to exclude it. The court overruled the motion, and the defendant duly excepted. The witness then testified that on May 2nd, 1903, after having walked along with the defendant, ·he started to leave him, and that thereupon the defendant put his hand in his hip pocket and drew a pistol and fired upon him, and that he had not seen the pistol until he drew it from his pocket. There was other testimony tending to show defendant guilty of the offense charged.

The bill of exceptions contains the following recitals in reference to the polling of the jury, after they had returned a verdict of guilty and assessed a fine of $50.00 : "The court directed the clerk to poll the jury. The clerk with the folded indictment in his hand stepped in front of the jury and making a slight gesture toward the breast of the juror asked, 'Is this your verdict,' and repeated the same until three of four jurors answered 'it is,' the fourth or fifth juror and several other jurors did not answer audibly but nodded assent with the head, and after this nodding assent was made the clerk would and did pass on to the next juror in line and repeat the question as when he began. Not all of the jurors answered orally, a number of them merely nodded, or made a slight but decided motion with the head, and no juror was asked by name 'Is this your verdict,' calling the name of the juror, nor was the juror designated previous to the question being put by the clerk except by a waive of the folded indictment in the hands of the clerk toward the breast of the juror. After nearly all of the jury had thus been polled the defendant objected to the manner of polling the jury, and while the jury was being polled the court overruled the objection, and the defendant excepted"

In addition to the fine imposed by the jury, the court sentenced the defendant to hard labor for the county for 3 months as additional punishment. To this action of the court the defendant duly excepted .

No counsel marked as appearing for appellant.

[Brown v. The State.]

MASSEY WILSON, Attorney-General, and ALEX M. GARBER, for the State.—The demurrer to the plea of former conviction was properly sustained.—*Gordon v. The State*, 71 Ala. 315; *Hall v. The State*, 134 Ala. 90, 115.

The objection to the testimony of the prosecutor Cunningham, that he saw the defendant with a pistol when he (defendant) shot witness, is wholly without merit. The objection is a general one. Upon close examination the testimony seems to have been admissible, but in any event it comes within the rule that a general objection is not good unless the testimony is palpably inadmissible.—*Gunter v. The State*, 111 Ala., 23-28.

The objection made by the defendant to the manner in which the clerk polled the jury is untenable. The object of the proceeding is to determine whether each juror concurred in the verdict, and the manner in which this was done complied with the statute.

The other rulings of the trial court were free from error.—Code §§ 4420, 5308, 5415.

McCLELLAN, C. J.—The demurrer to defendant's plea of former conviction was properly sustained. *Gordon v. State*, 71 Ala. 315; *Hall v. State*, 134 Ala. 90, 115, and authorities there cited.

It was competent for Cunningham, the State's witness, to testify that he had seen the defendant with a pistol within twelve months prior to the date of finding the indictment. This was merely preliminary to showing that defendant had the pistol concealed about his person. If that part of the witness' statement to the effect that defendant had shot him with the pistol, the whole statement being, "I saw him with a pistol when he shot me," was supposed to be inadmissible, the objection should have been limited to it. However, no ground of objection was stated.

It is not necessary for the jurors to answer by word of mouth when being polled under section 5308 of the Code. The answer may be made as intelligibly and affirmatively by a movement of the head as by words.

The court had authority to sentence defendant to hard labor for six months or less in addition to the punishment by fine imposed by the jury.—Code 1896, §§4420, 5415.

Affirmed.

