# Moore *v*. The State.

### *Assault.*

(Decided Feb. 6, 1908.    45 South. 656.)

1. *Evidence; Objections; Sufficiency.*—Where evidence is not patently irrelevant a general objection thereto is properly overruled.

2. *Same; Leading Questions.*—The fact that the question calling for the evidence was a leading question will not justify a reversal where the objection was general.

3. *Homicide; Assault With Intent to Murder; Evidence.*—It was proper to permit the witness for the state to testify that witness' wife told defendant as he entered the house that prosecutor had hit her over the head with a bottle, where such statement occurred immediately prior to the time prosecutor was shot by defendant.

4. *Criminal Law; Instructions; Directing Verdict.*—Where there was evidence sufficient upon which to submit to the jury the ques-

[Moore v. The State.]

tion of defendant's guilt or innocence, the court properly refused the general affirmative charge for defendant, and properly refused to charge that there was no evidence of certain facts.

5. *Same; Instructions; Errors.*—Where a charge uses the word defendant where the name of the assaulted party ought to have been used and was intended, such charge, if otherwise good, is properly refused as bad in form.

6. *Assaults and Battery; Elements of Offense.*—Malice is not an element of assault and battery.

7. *Same; Punishment.*—It is within the province of the court to add an additional punishment, not to exceed six months' imprisonment in the county jail or hard labor for the county, to the fine imposed by the jury upon a conviction for assault and battery. (Sections 4343 and 5415, Code 1896.)

APPEAL from Gadsden City Court.

Heard before Hon. ALTO V. LEE.

George Moore was convicted of assault and battery, and he appeals. Affirmed.

Appellant was indicted for assault with intent to murder, convicted of assault and battery, and fined $250 by the jury. The court added six months' hard labor as a punishment. From this judgment the defendant appeals, and assigns as error the action of the court in adding the hard labor sentence, certain objections to evidence, and the refusal to give certain charges. During the examination of John Crittenden, a witness for the state, the solicitor asked him this question: "Didn't your wife tell George, as he entered the house, that you had hit her over the head with a bottle?" The record recites: "The defendant objected, the court overruled the objection, and the defendant then and there duly excepted. Witness answered she did not." The evidence tended to show that Crittenden was shot by the defendant in the left side; that there had been no trouble between them up to that time; that Crittenden was Moore's stepfather, and when Moore came in the house with a pistol in his hand his mother was sitting near the door with blood on her face, and Moore asked her what was the matter. A Mrs. Williams, who was in the

4 R

house, said that nothing was the matter, and Mrs. Williams and Moore's mother grabbed him and began to scuffle with him for the pistol. During the scuffle the pistol was fired once or twice; one shot taking effect in Crittenden's side.

The following charges were refused to the defendant: (1) The general affirmative charge. (2) "There is no evidence in the case that defendant fired a shot at John Crittenden." (3) "There is no evidence in the case that the defendant fired a shot in the house of Elvira Crittenden." (4) "The court charges the jury that there is no evidence of malice in this case." (5) "The court charges the jury, if they believe all the evidence in this case, they cannot convict the defendant for an assault with intent to murder." (6) "The court charges the jury that, if they are satisfied reasonably from the evidence in this case that John Crittenden was shot while defendant and Elvira Crittenden and Hicksey Williams were scuffling with a pistol in defendant's hands, the defendant having no intention to shoot the defendant, then the defendant is not guilty of any offense."

CULLI & MARTIN, for appellant.—There is no evidence upon which to rest the verdict rendered in this case.— *Lane v. The State*, 85 Ala. 11; *Tarver v. The State*, 43 Ala. 354. Under the evidence the court should have charged the jury that the accused did not present his pistol at the party and he should have been acquitted.— *Tarver v. The State, supra.* The court had no authority to impose additional hard labor.—Sec. 4343, 5420 and 5415 and 5421, Code 1896; *Taylor v. The State*, 114 Ala. 21; *Leonard v. The State*, 96 Ala. 108; *Bibb v. The State*, 83 Ala. 84.

ALEXANDER M. GARBER, Attorney General, for the State.—No ground was assigned for the objection to the

[Moore v. The State.]

testimony of the witness Crittenden, and it was not patently irrelevant.—*Gunter v. The State*, 111 Ala. 23. The court properly refused reqeusted charges.—*Fitzgerald v. The State*, 112 Ala. 34. The court had authority to impose additional hard labor.—Secs. 4343 and 5415, Code 1896; *Brown v. The State*, 141 Ala. 80.

DOWDELL, J.—The defendant was indicted for an assault with intent to murder, and was convicted of an assault and battery.

The objection to the question asked the witness Crittenden was properly overruled. The objection was general, and the evidence called for was not patently irrelevant.—*Gunter v. State*, 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17. Besides, we think the evidence called for by the question was relevant. That the question was leading furnishes no ground for putting the trial court in error in overruling the objection.

There was sufficient evidence upon which to submit the question of defendant's guilt to the jury; and hence charges 1, 2, and 3, requested by the defendant, were properly refused. The defendant was convicted of an assault and battery. Malice is not an ingredient of this offense, and hence the refusal of charge 4 worked no injury to the defendant. The same may be said as to charge 5. Charge 6, as set out in the record, uses the word "defendant" where doubtless the name of the assaulted party was intended, which made the charge bad, if otherwise good, and justified the court in its refusal.

There was no error in the court's imposing six months' additional hard labor to the fine imposed by the jury.—*Brown v. State*, 141 Ala. 80, 37 South. 408; Code 1896, §§ 4343, 5415.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.