### PEOPLE v. GRIMALDI.

(Supreme Court, Appellate Division, Second Department. May 29, 1914.)

Appeal from Kings County Court.
John Grimaldi was convicted of carrying a dangerous weapon, and appeals. Affirmed.
Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Edward J. Reilly, of Brooklyn, for appellant.
Edward A. Freshman, Asst. Dist. Atty., of Brooklyn (James C. Crop- sey, Dist. Atty., and Harry G. Anderson, Asst. Dist. Atty., both of Brooklyn, on the brief), for the People.

PER CURIAM. Judgment of conviction of the County Court of Kings County affirmed.

THOMAS, J. (dissenting). The defendant was indicted for, and acquitted of, discharging a revolver at one Di Meo with intent to kill him. He has been convicted in this action of unlawfully carrying the revolver on the same day. The indictment and plea on the first trial presented the issuable facts: (1) Whether the defendant assaulted with a revolver; (2) if so, whether with intent to harm Di Meo. A negative answer to either inquiry demanded an acquittal, and to the second may have involved a finding of self-defense. On this trial there

was one essential inquiry: Was the revolver in the possession of defendant or Di Meo? As the transaction is the same in both cases, I assume that the same fact was one of those involved in the first trial. If, now, the revolver was in the hands of Di Meo, the defendant did not carry it, concealed or otherwise. If the defendant had the weapon, he must have carried it. Hence the inference that it was produced from concealment. Assuming, then, that the jury found the fact in favor of the defendant, and between the same parties, it still exists. Earle v. Earle, 173 N. Y. 480, 66 N. E. 398; Pray v. Hegeman, 98 N. Y. 351, 358. The fact became the primary inquiry on which the case turned in this action, and may be in the former action. Bigelow on Estoppel (6th Ed.) p. 179, note; Id. p. 102. It is immaterial that the fact was found in a criminal action. Commonwealth v. Feldman, 131 Mass. 588; Phillips v. Fadden, 125 Mass. 198; Commonwealth v. Ellis, 160 Mass. 165, 35 N. E. 773; Commonwealth v. Evans, 101 Mass. 25.

In Coffey v. United States, 116 U. S. 436, 6 Sup. Ct. 432, 29 L. Ed. 681, the defendant was acquitted of a criminal charge of illicit distilling, and it was decided that the judgment was conclusive evidence of the act or fact upon which was based a proceeding in rem to forfeit the defendant's property involved in the alleged offense. It was said:

"The judgment of acquittal in the criminal proceeding ascertained that the facts which were the basis of that proceeding, and are the basis of this one, and which are made by the statute the foundation of any punishment, personal or pecuniary, did not exist. This was ascertained once for all, between the United States and the claimant, in the criminal proceeding, so that the facts cannot be again litigated between them, as the basis of any statutory punishment denounced as a consequence of the existence of the facts."

But it may be asked what is the proof that the jury on the first trial found the fact for the defendant? The record of the former trial was not received, and what it contains is unknown, save as it is inferable that it contains evidence relative to the issues and a submission thereof to the jury. And for aught that appears the charge may have been such as to make the finding as to the possession of the revolver the basic fact. The absence of the record precludes the defendant from a possible opportunity. The burden rests upon him to show that the fact was decided. Bell v. Merrifield, 109 N. Y. 202, 211, 16 N. E. 55, 58 (4 Am. St. Rep. 436), where it is said:

"If there be uncertainty as to whether or not the question was passed upon, the judgment is not conclusive as evidence."

In Blair v. Bartlett, 75 N. Y. 150, 154 (31 Am. Rep. 455), it was said:

"Now it is a rule that after verdict it is to be assumed that every fact was proved upon the trial which was expressly stated in the declaration, or which was necessarily implied from what was so stated (Spiers v. Parker, 1 T. R. 137; Jackson v. Pesked, 1 M. & S. 234), or which the allegations of the declaration required to be proved (Nerot v. Wallace, 3 T. R. 25)."

As it was necessary for the people to prove in the first action that defendant had the revolver, the fact was directly involved. The verdict may negative that vital issue, and if the record shows that the precise question was submitted to the jury, it seems a fair inference that

the jury passed upon it. But there is opportunity for conjecture. The jury as a whole could not have found that he did not use the revolver and also inconsistently that he used it in self-defense. Indeed, some jurors may have acquitted on the question of possession of the revolver, some on the ground of self-defense.

The question of inconsistent issues was involved in Littlefield v. Huntress, 106 Mass. 121. The maker of a note had in an earlier action pleaded successfully (1) that the note was initially void; (2) that, if originally valid, it had been satisfied. It was decided, however, that the judgment was not conclusive that the note was invalid, as it did not show upon which of the two issues the defendant prevailed. The present case is somewhat different. The defendant did not interpose in the first action an affirmative defense. There was an indictment requiring proof of at last two facts: (1) A revolver in the defendant's hand discharged at Di Meo; (2) that it was done with felonious intent. The defendant merely denied. The plaintiff had both propositions presented to the jury, and was defeated. Had there been a conviction, there would be a necessary inference that both questions were passed upon. The same inference is not necessary in case of acquittal, as the verdict could rest on either element, absence of assault with the weapon, or of felonious intent.

Three of the cases cited may be noticed. In Littlefield v. Huntress, supra, several cases are cited. One of them is Sawyer v. Woodbury, 7 Gray (Mass.) 499, 66 Am. Dec. 518, where it was decided that in an action for several breaches of covenant in a lease of land, all of which were denied by the answer, a general verdict and judgment for nominal damages were not of themselves conclusive evidence of the breaches in a subsequent action, without additional proof that the issue claimed to have been adjudicated was submitted to the jury.

In Burlen v. Shannon, 99 Mass. 200, 203 (96 Am. Dec. 733), it was said :

"It is allowable to reason back from a judgment to the basis on which it stands, 'upon the obvious principle that, where a conclusion is indisputable and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion.' But such an inference must be inevitable, or it cannot be drawn."

The rule there adopted was that where the former action was tried upon two issues, upon either of which the verdict could have been returned, a general verdict proved nothing more than that the jury found one of the propositions true, but without finding which.

In McDowell v. Langdon, 3 Gray (Mass.) 513, it was said of a former action:

Whether the "verdict was returned on the ground that the defendants had not done the acts complained of in the plaintiff's declaration, or on the ground that those acts were rightfully done, we cannot ascertain from the record. Parol evidence was rightly admitted to show what was decided by the jury."

There is some helpful discussion in Bigelow on Estoppel, p. 180, note.

The burden seems to rest on the defendant to show that the jury in the former action decided that he did not have the revolver. Whether

the record will tend to show that is not known. But he should have the opportunity. But it may be suggested that the record of the former trial was not offered as evidence of a fact, but that the verdict and judgment was tendered as a bar; that is, on the plea of former jeopardy. That is true; but it so happens that, if the jury based the acquittal on a finding that defendant did not have the revolver, the verdict and judgment are equivalent to a bar. The name of the plea is immaterial. Technically, the question of res adjudicata as to one fact is not identical with the inquiry whether the defendant is again put in jeopardy for the same offense. That plea goes to the whole issue. There was a fight wherein the defendant assaulted or was assaulted, wherein defendant shot with a revolver, or Di Meo, attempting to shoot with a revolver, was himself shot by it. There was but one revolver. In whose possession was it? That was the vital fact in each case. That it was Di Meo's revolver was the very basis of the defendant's exculpation. There was the transaction. From the evidence respecting it the grand jury found indictments for two offenses—one, assault with a revolver with intent to kill; the other, unlawfully carrying the same revolver concealed. The evidence given under the first indictment does not in fact tend to prove whether the defendant did or did not have a revolver.

The argument for the respondents in effect is this: Defendant assaulted Di Meo with a revolver. For that purpose he produced the revolver from his clothing. Therefore he was unlawfully carrying it concealed. The conclusion depends on the premise. The evidence of the premise as actually given in this action is in the compass of its facts sufficient to sustain the first indictment and conviction under it. But, while that is true, the evidence theoretically required to sustain the second indictment would be insufficient to prove the first offense. The present indictment requires proof only that the defendant carried concealed a revolver without a license. The first indictment required proof that defendant with a revolver, from whatever sources produced, discharged it at Di Meo with intent to kill. I do not understand the test to be whether the evidence actually given under the one indictment would sustain the other, but what does the nature of the issues require? Herman on Estoppel, p. 496.

In State v. Price, 127 Iowa, 301, 103 N. W. 195, there were found at the same time two indictments, one for the crime of rape, and the other for incest. Upon the first charge the defendant was acquitted, and judgment thereon was a bar to the second charge. In the opinion it was said:

"In the absence of statute, it is the general, if not the universal, rule that to sustain a plea of former acquittal it need not be shown that the offenses are the same. The test sustained by all the authorities is whether or not, if what is set out in the second indictment had been proved under the first, there could have been a conviction. When there could, the second cannot be maintained; when there could not, it may be. Or putting it in another way, and in the manner in which it is usually stated the test is whether the first indictment was such that the accused might lawfully have been convicted under it, on proof of the same facts as those by which the second is to be sustained."

And for this many authorities are cited.

In Morey v. Commonwealth, 108 Mass. 433, it was said:

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

In State v. Robinson, 116 N. C. 1046, 21 S. E. 701, the same test was involved. The indictment was for carrying a concealed weapon. There was a plea that the defendant at an earlier time had been convicted "upon an indictment for an assault and battery committed * * * upon one John Billups with a certain deadly weapon, to wit, the pistol before mentioned," and that the transaction was the same in both the indictments. It was said:

"The assault is an entirely separate and distinct offense from that of carrying a concealed weapon, and it does not alter the case that the assault was made with a weapon illegally concealed. The assault with a deadly weapon is a complete offense, whether the weapon is carried concealed or openly. The offense of carrying a concealed weapon is complete, irrespective of the fact that an assault is or is not committed with it."

In Davidson v. State, 99 Ind. 366, the same test was again used, and it was decided that a conviction for unlawfully carrying a dangerous weapon was not a bar to an indictment charging that the defendant had "unlawfully drawn and threatened to use a pistol upon" a person. In State v. Ross, 72 Tenn. (4 Lea) 442, Veasy v. State, 4 Ga. App. 845, 62 S. E. 561, State v. Elder, 65 Ind. 282, 32 Am. Rep. 69, and Commonwealth v. Roby, 12 Pick. (Mass.) 496, 503, a similar test was employed, with which may be contrasted Landrum v. State, 37 Tex. Cr. R. 666, 40 S. W. 737.

In Brown v. State, 141 Ala. 80, 37 South. 408, to an indictment for carrying a pistol concealed about his person the accused filed a plea of former conviction, to wit, under an indictment charging him with assault with intent to murder, and that the assault was a part of the same transaction, and was committed at the same time as the offense of carrying a concealed weapon, and that the assault was committed with the pistol which he had concealed about his person. A demurrer to the plea was sustained, upon the ground that the two offenses were separate and distinct. So in State v. Parker, 81 Tenn. (13 Lea) 225, it was decided that the defendant could be convicted for having a pistol at the time he did certain shooting, for which he had been convicted of assault with intent to commit murder, provided the offense of carrying a pistol was complete before the shooting was done.

In Vesy v. State, 4 Ga. App. 845, 62 S. E. 561, the accused was prosecuted for carrying a concealed weapon, and set up a former conviction for carrying the pistol to a church, and that the transactions were one and the same. It was decided that when he carried the concealed

pistol to the church he committed two offenses, and that neither was inclusive of the other.

In Thomas v. State, 40 Tex. 37, a person indicted for an assault with intent to murder a person named pleaded that he had been previously tried and convicted in the same court on an indictment for unlawfully carrying a pistol on his person, which he averred was a part of the offense charged in the second indictment, and that he was convicted upon proof of his having the pistol on his person at the time of the assault. The opinion quotes from Wharton's Criminal Law, § 563:

"When the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, the plea is generally good."

And it is added:

"Now, upon this indictment for an assault with intent to murder, he might be convicted for simple assault, assault and battery, or aggravated assault, because they are each included in the charge, and only differ in degree; but he could not have been convicted for unlawfully carrying a pistol on his person. Nor is it manifest to us that evidence that he did so carry a pistol was necessary to support this second indictment. He might well have been convicted of the assault with intent to murder without evidence that he did unlawfully carry a pistol."

In Carman v. Commonwealth, 76 S. W. 1078, 25 Ky. Law Rep. 1048, the person was convicted of the offense of shooting at random on the public highway, and, upon the trial of the later charge of flourishing and using a deadly weapon in a threatening and boisterous manner, his plea of former conviction was sustained. In the opinion it is said:

"The rule seems to be that where the acts done have been selected by the commonwealth and given in evidence to support any prosecution she may choose to make, even for a smaller offense than she might have charged, yet on these same facts she cannot thereafter successfully maintain other prosecution for the higher offense."

In this state it is provided (Penal Law [Consol. Laws, c. 40] § 1938):

"An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision."

The act charged in the present indictment was unlawfully carrying a concealed revolver. It is entirely distinct from the act charged in the former indictment, shooting a person with such revolver with intent to kill. The evidence of the act, to wit, carrying the weapon concealed, is proved by the subsequent acts of openly using a pistol. If, as already discussed, the jury found that the defendant did or did not use the pistol, the finding would be conclusive. Otherwise, there is no relation between the acts in one case and the acts in another.

In Stowell v. Chamberlain, 60 N. Y. 272, 276, it was said of estoppel by judgment:

"The question is whether the same evidence will maintain both actions. If the evidence which will sustain the second would have authorized a recovery in the first, under the allegations of the complaint, the first judgment is

an absolute bar to the second. Miller v. Manice, 6 Hill, 114; per Lord Eldon, Martin v. Kennedy, 2 B. & P. 69. It is not sufficient that the transactions involved in and giving rise to the two actions are the same; the causes of action must be identical to the extent that the same evidence will support both. The form of action may be different and the causes of action still be the same; that is, the same evidence may be equally available to support either."

To the same effect is Bell v. Merrifield, 109 N. Y. 203, 209, 16 N. E. 55, 4 Am. St. Rep. 436.

In Dawley v. Brown, 79 N. Y. 390, the statement does not quite lend itself to the view that it is the evidence actually required, and not the evidence actually given, that furnishes the test, for it is said:

"The test generally applied to determine the identity of causes of action is whether the same evidence would support both actions. Stowell v. Chamberlain, 60 N. Y. 272, and cases cited. It is also held in that case that, to make a judgment in a former action a bar, the circumstances must be such that the plaintiff might have recovered in the first action for the same cause alleged in the second."

While the plea of jeopardy in the former action is not technically sufficient, it may be that the only issue here was in fact decided there, and the defendant should have his chance to prove it.

The judgment of conviction should be reversed, and a new trial ordered.