Jones, J.
As the larcenies of the Clock and Wherry cars, though committed at different periods, were consummated under a conspiracy or a common plan embodying the theft of both, it is now claimed for the accused that his acquittal of the charge of theft in the former case is conclusive upon the state as an “estoppel by way of res adjudicata,” and that the state cannot now develop the criminal plan and theft of the Clock car upon the subsequent trial for the larceny of the Wherry car. In support of this proposition counsel for the plaintiff in error have cited a number of authorities. Among others they cite the two following cases as establishing the principle which they desire to apply in the instant case: Mitchell v. State, 140 Ala., 118, and Commonwealth v. Feldman, 131 Mass., 588.
At the outset counsel for the accused concede that their client cannot avail himself in this case of the constitutional guarantee of not being twice placed in jeopardy for the same offense. The thefts of the Clock and. Wherry cars were distinct offenses, and evidence necessary to support the second indictment involving the larceny of the Wherry car would not necessarily have been sufficient to warrant a conviction for the larceny of the *95 Clock car under the first indictment. The only protection vouchsafed to the accused in criminal cases is that he shall not be twice placed in jeopardy for the same offense. There is no guarantee, either by constitution or by statute, that evidence offered upon the trial of the accused for a different offense, of which he was convicted or acquitted, may not be offered to prove a distinct but related offense. If the contention of the accused should be upheld — that the state is concluded by the verdict of acquittal for the larceny of the Clock car — its effect would be to allow an alleged adjudication of fact to be utilized as a guise for a plea of former jeopardy. It is urged by the accused that if he should be charged with committing a dozen specific offenses, growing out of a single conspiracy, the law should award him some protection on the trial of the twelfth offense, if he had theretofore been tried and found not guilty as to the first eleven. In answer to that it may be said e converso that if he were acquitted on the first trial for one of the offenses that acquittal would at least operate as a partial immunity for the accused in the trial of the other eleven cases. The operative effect of former adjudications are mutual, and it is difficult to conceive why, if an acquittal operates as an adjudication, a conviction could not be offered by the state to prove the conspiracy and theft as established and conclusive facts. To deny the state the right to prove distinct offenses as part of a conceived and deliberate plan or conspiracy to steal, rob or murder would be to grant the accused an immunity not contemplated either by our constitution or statute.
*96 Let us assume that an aider and abettor engages with another in a conspiracy to kill, and that pursuant to such scheme two men are assassinated, what logical or legal reason can there be for using the acquittal of the aider and abettor in one case as conclusive upon the state in a subsequent criminal case for a. separate offense contemplated in the criminal plan? And especially is this in point where the evidence of conspiracy and theft relating to the Clock and Wherry cars was so intermingled that it was almost impossible to separate it. But why should a former acquittal be conclusive as an adjudication of the facts involved therein upon a second trial for a separate and distinct offense resulting from the plan or scheme under which both offenses were committed? On the former trial the witnesses for the state may have committed perjury resulting in such acquittal, or may have absented themselves from the state. The acquittal may have resulted from an erroneous charge, misconduct of counsel or jury, lack of proof upon a single material element, or • from other causes. Can it reasonably be urged, either from the standpoint of law or good morals, that the state should be concluded by such an acquittal, or that it is in any wise estopped from marshaling its competent evidence upon a subsequent trial for another offense, proving a, common scheme or plan to steal specified automobiles, followed, in fact, by the theft of each?
Where separate and distinct offenses are sought to be shown by the state as having some relation to the offense on trial, showing motive, scienter and *97 the like, testimony tending to prove the offense charged is not rendered incompetent by reason of the fact that it also tends to prove such separate and distinct offenses. (Brown v. The State of Ohio, 26 Ohio St., 176.) This rule of competency is also applicable when such other offenses are the result of a common scheme or plan embracing the commission of two or more crimes, including the crime charged, and which are so related to each other that proof of one tends to establish the others. Tarbox v. The State, 38 Ohio St., 581; Jackson v. State, Id,., 585, and Reed v. The State of Ohio, 15 Ohio, 217.
There may be cases in our criminal jurisprudence where a conviction may be utilized as res adjudicata of the issues involved and concluded by the verdict. Thus, where the state imposes a higher penalty for the commission of a second offense, the state may offer the first conviction as a conclusive fact on the second trial. So in indictments for perjury it has been held in some jurisdictions, though seriously questioned in others, that the prisoner may offer the record of his former acquittal on an issue to which such perjury relates. Neither can the state carve a single identical offense into two offenses and impose two punishments for one and the same offense. The state cannot blow hot and cold in criminal cases and occupy inconsistent attitudes by securing separate punishments for the same identical act, as was attempted in Griffith v. The State, of Ohio, 93 Ohio St., 294, 298. There the defendant had been convicted at a former trial of the em *98 bezzlement of certain moneys, and at a subsequent trial the state attempted to prosecute the accused for obtaining a part of the same identical money by false pretense. Under the facts stated, the act charged was either embezzlement or obtaining money by false pretense. There was but one offense committed and the accused could not be punished twice therefor by the' inconsistent attitude taken by the state. As was stated by the court in that case, if both embezzlement and the charge of obtaining money under false pretense had been contained in the indictment it would be the duty of the court to instruct the jury that the accused could not be found guilty of both crimes with reference to the same money or property; and the rule would have been the same had the accused been charged with these two crimes in separate indictments. So, after securing a conviction for rape with consent, the state cannot, for the same identical act, thereafter predicate an offense upon an indictment charging the accused with rape without consent, and thus secure a second punishment therefor. This feature of the case is exemplified in Hughes v. Commonwealth, 131 Ky., 502.
It may be in instances of this kind that the record of the former conviction may not establish the identity of the two offenses, the offense tried and the one charged, but in this state, by virtue of Section 13630, General Code, the accused is authorized to offer evidence aliunde to establish identity.
The method provided by statute by which the accused may secure for himself the protection desired is by entering his plea in bar and adducing *99 evidence showing that the offense on trial is the same as that of which he had been acquitted. However, this would not have availed the defendant in this case, because it is conceded that the two offenses are not the same.
The view here taken denying the conclusive effect of former acquittals in cases of this character is supported by many authorities. In some of them the question is raised by a plea of former jeopardy, and in others by tendering that issue upon a plea of not guilty.
The case of State v. Barnes, 26 S. Dak., 268, is exactly in point. According to the claim of the state Barnes had engaged in a plan with two other defendants by which the latter were to steal horses and turn them over to Barnes for disposal. Under this scheme the two confederates, at separate times, stole horses belonging to one Devine and others belonging to one Muhlhausen. Barnes was placed upon trial for the theft of the Devine horses and acquitted. Latér he was placed on trial under another indictment for the theft of the Muhlhausen horses, stolen under the alleged conspiracy and delivered to Barnes. He then interposed his plea of former acquittal in the Devine case, contending “that the acquittal upon the charge of stealing the Devine horses was of necessity an acquittal of the present charge, for the reasons that the conversations testified to in this case, and which it is claimed connect the defendant with the theft of the Muhlhausen horses, are identically the same ones involved in the Devine case, and that, therefore, an acquittal in the Devine case was a complete adju *100 dication between the state and the defendant as to these conversations.” The' testimony relating to the criminal conspiracy, claimed to connect the defendant with the theft, was identical with that in the former indictment. The court held that under the provisions of the constitution and the state code the record of the former acquittal was not a bar, inasmuch as the two offenses were distinct, and in the opinion the court says, at page 271: “The record fails to disclose upon what grounds the trial court advised a verdict of acquittal in the Devine case, whether owing to failure of evidence in relation to the actual theft or failure of evidence to connect defendant therewith, and it does not appear but that such advice was based upon some question of law not connected with the evidence? If the defendant had been convicted of the Devine theft, such conviction could certainly not have been pleaded in bar herein. Supposing there had been such a conviction in the Devine case followed by an acquittal in this case, could it be claimed that such acquittal should free defendant from the former judgment of conviction? Certainly not, and the mere fact that the charge upon which he was acquitted was tried first can have no different result so far as the other charge is concerned.”
In the case of State v. Norman, 135 Ia., 483, 487, the same question was presented. The defendant had been accused of larceny committed on the premises of one McKern. The state offered testimony tending to show that the defendant had also about the ,same time committed larceny upon premises adjoining that of McKern; whereupon, *101 on the trial, the defendant proffered a plea of former acquittal and offered to prove that he had been acquitted of the crime of stealing such property from the neighboring premises. The court refused to receive the offered evidence and submit the plea of former acquittal to the jury. The supreme court of the state of Iowa affirmed this action of the trial court.
In the case of McCartney v. State, 3 Ind., 353, the accused was indicted for uttering a forgery. In order to show the defendant’s criminal intent the court permitted evidence to be offered showing that at the time the bill was passed he uttered other counterfeit bills on the same bank. It appeared that the defendant had been acquitted of passing one of these bills to which the evidence related. In the opinion the court said, at page 354: “We can see no reason why the fact that indictments had been found, or that convictions or acquittals had been had upon them, should affect the admissibility of such utterings. Neither the indictments, nor the records of conviction or acquittal, need be, nor, it strikes Us, * * * should be, given in evidence.”
The principle here announced is supported by the following authorities: State v. Robinson et al., 16 N. J. L., 507; Bell v. State, 57 Md., 108; State v. Houston, 1 Bailey (S. C.), 300, and State v. Jesse, 3 Dev. & Bat., 98.
The principle contended for by the state we think is supported by the case of Bainbridge v. The State of Ohio,.30 Ohio St., 264. Bainbridge was formerly indicted for delivering milk to be manufactured into cheese, with intent to defraud. The *102 state predicated its case upon an offense committed September 1, 1872, and offered evidence tending to show that the defendant took skimmed milk to the factory at various times between the latter part of June, 1872, and the 10th of September following. The defendant was acquitted. At a later term the defendant was again placed on trial for similar offenses, charged, in various counts, as having been committed on July 15, 1872, August 1, 1872, and August 9, 1872. On this second trial the state again offered evidence tending to show that the defendant had carried skimmed milk to the factory between June and the 10th of September, 1872, which evidence related to the same transactions and times covered by the former trial. The defendant contended that since his acquittal upon the former trial resulted from evidence which the state utilized in its second trial, he was twice placed in jeopardy. The court held that this position was not legally sound because the offenses named in the two indictments were distinct from the offenses covered in the former indictment, and after announcing that the true test determining whether the plea of former acquittal is a bar in any particular case Judge Day said: “That this has always been the general rule as to a prima facie case, is not denied. Where but one crime has been committed it may be regarded as a conclusive test. But where more than one crime of the same kind has been committed by the same person, on the same day, and under the same circumstances, it can not be conclusively applied without making the conviction or acquittal of one offense operate as an immunity to another. *103 And the same remark is true when different offenses of the same kind occur under the same circumstances on different days. This rule has, therefore, always been subject to a fundamental rule, equally ancient, that the plea ‘must be upon a prosecution for the same identical act and crime.’ ”
Complaint is now made by plaintiff in error that the trial court erred in not limiting the evidence relating to the theft of the other cars solely to the purpose of showing the criminal conspiracy or plan entered into by the accused. It is one of our fundamental rules of procedure that when the competency of evidence is challenged the attention of the court should be called to the error committed, a ruling obtained thereon, and an exception taken thereto. This rule has been repeatedly enforced since the early decision in the case of Geauga Iron Co. v. Street, 19 Ohio, 300. Our code defines an exception as an objection to the decision of the court, and requires the exception to be taken at the time the decision is made. This method of procedure has been adhered to by this court, save in exceptional instances of misconduct of counsel, and in cases where the statute provides that a general exception to the charge of the court is sufficient to challenge any prejudicial error therein without specification.
The evidence of the state relating to the plan or conspiracy in question was very voluminous, and throughout its entirety may be found reference to the theft of cars other than that included in the indictment. This testimony was competent not only as tending to prove the criminal scheme, but *104 as corroborative of the witness Wood who testified thereto. The record discloses that counsel for the accused objected to the testimony solely because of the fact that accused had been acquitted of the theft of the Clock car, and made no other objection, or any suggestion that the testimony should be limited as now claimed. The duty devolved upon counsel to request or apprise the court that the testimony should be thus limited, and to obtain the decision of the court upon the legal question presented. Since the evidence was competent, it was just as important that they should indicate the particular feature of their objection, as it was in the case of The State of Ohio v. Lasecki, 90 Ohio St., 10. Counsel should not be allowed in a court of error to avail themselves of an exception of which the court was not apprised. An opportunity should be given the court to avoid the commission of error upon trial. The reason therefor is well stated in the case of Adams v. The State of Ohio, 25 Ohio St., 584, 587, as follows: “These rules, it is said, have their foundation in a just regard to the fair administration of justice, which requires that when an error is supposed to have been committed there should be an opportunity to correct it at once, before it has had any consequences; and does not permit the party to lie by, without stating the ground of his objection, and take the chances of success on the grounds on which the judge has placed the cause, and then, if he fails to succeed, avail himself of an objection which, if it had been stated, might have been removed.”
It would be a sufficient compliance by the court *105 if during its admission it admonished the jury as to the effect of evidence relating to similar offenses, or if it later so limited such evidence in its general charge.
In The State of Ohio v. Davis, 90 Ohio St., 100, the record disclosed that there was a misdirection in the charge of the court in limiting the testimony relating to other similar offenses; and an exception was properly taken.
In Baxter v. The State of Ohio, 91 Ohio St., 167, it appears that when evidence of other offenses was received, it was received over the objection of the defendant, whose counsel stated in open court, in the hearing of the jury, that such evidence could not be received for any other purpose than to prove the specific criminal intent alleged in the indictment; and this was held a sufficient objection to the competency of that evidence save for the purpose claimed.
Counsel for plaintiff in error urge that the court committed error in its general charge, and furthermore that the case should be reversed because of misconduct of one of counsel for the state in his argument to the jury.
From an examination of the record in respect to these alleged errors we are unable to find that any error committed was so prejudicial to the defendant below as to require a reversal of this case.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Newman, Matthias and Donahue, JJ., concur.