(81 South. 571)
WASSMUTH v. STATE. (1 Div. 99.)

(Supreme Court of Alabama. April 10, 1919.)

CRIMINAL LAW ☞1215 — PUNISHMENT — IMPRISONMENT AND FINE.

Acts 1915, p. 2, § 3, providing a fine of not exceeding $500 and imprisonment or confinement at hard labor, at the discretion of the court, for violation of such act, gives the trial judge the right to impose a sentence to jail or at hard labor for the county, although the case was tried by, and a fine assessed by, a jury.

Certiorari to Court of Appeals.

On petition for writ of certiorari to Court of Appeals. Writ denied.

For main opinion, see 81 South. 342.

John W. McAlpine and Edward J. Grove, both of Mobile, for appellant.
J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

ANDERSON, C. J. Section 3 of the Act of 1915, p. 2, provides as a punishment for the violation of said act a fine of not exceeding $500, "to which, at the discretion of the court of the judge trying the case, may be added imprisonment in the county jail or confinement at hard labor for the county for not more than six months," etc. This clearly gives the trial judge the right to impose additional punishment upon the defendant by a sentence to jail or at hard labor for the county, notwithstanding the case was tried by a jury and a fine was assessed by said jury. Brown v. State, 141 Ala. 80, 37 South. 408; Moore v. State, 154 Ala. 48, 45 South. 656. This statute is quite different from section 1217 of the Code of 1907, which was considered and construed by the Court of Appeals in the case of Clarke v. Uniontown, 4 Ala. App. 264, 58 South. 725, as the authority there given was to the judge or jury trying the case to fix the punishment either by fine or imprisonment, or both. Here, the court or judge trying the case, whether with or without a jury, has the authority to add imprisonment or hard labor to a fine whether assessed by the judge trying the case without a jury or fixed by the jury which tries the case.

The writ is denied.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.