(128 So. 467)

### GRIMES v. STATE.
### 4 Div. 585.

Court of Appeals of Alabama.

May 20, 1930.

J. C. Yarbrough, of Enterprise, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of assault and battery. His fine was assessed by the jury at $25. In addition to this punishment the court sentenced him to serve imprisonment at hard labor for the county for a term of six months. This was permissible. Code 1923, § 3299; Moore v. State, 154 Ala. 48, 45 So. 656.

Ingenious counsel for appellant, in his brief filed here, admits—as indeed we think he could not do otherwise, conscientiously—that "the record and proceedings in the trial of this case are regular and free from error." But he argues, without citation of authority, that the sentence to hard labor, as additional punishment, imposed by the court, violates section 15 of the Constitution of Alabama of 1901; the section providing "that excessive fines shall not be imposed, nor cruel or unusual punishment inflicted." The chief ground of the argument is, at least in effect, that since appellant *almost* escaped punishment at the hands of the jury (being fined only $25), it was nothing short of "cruel," if not "unusual," for the trial court to embitter his life—perhaps blast his future—by the feelingless imposition of a sentence to serve at hard labor, etc. The argument is somewhat touching, but unconvincing, and, with the lights before us, unavailing.

We find nowhere any prejudicial, or other, error, and the judgment is affirmed.

Affirmed.