180 So. 332

### GRANT v. STATE.

### 6 Div. 275.

Court of Appeals of Alabama.

Jan. 11, 1938.

Rehearing Denied Feb. 1, 1938.

Jim Gibson, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and B. W. Simmons, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense, denounced by Code 1928, § 3299, of committing an "assault and battery" upon the person of one Leola Reese.

Appellant's counsel states the case, here, as follows: "This appeal arises out of a 'negro fight,' and all that this term imparts. The prosecutrix, one Leola Reese, and one Lee or Charlie Hale,.had been to the commissary on Red Mountain, Jefferson County, Alabama, and (had) started home; while discussing different matters, the appellant came along and the evidence is abundant as to what happened. Appellant contends that she cut Leola Reese in self-defense and Leola contended that she did not. Conceding the appellant's theory of the case, she was entitled to an acquittal; conceding Leola Reese's theory of the case, the appellant should have been convicted. Lee, or Charlie Hale, seemed to be 'somewhat on the fence' as to which side he was on."

The above statement really summates, and concludes against appellant, the questions presented to us. The evidence "as to what happened" at the meeting between appellant and prosecutrix (to so denominate Leola Reese), mentioned by the said counsel, is very interesting; but we can think of no excuse for incorporating a detail of it in our opinion.

We would like to record for posterity the fact that it seems without dispute that the difficulty arose because of the accusation made by Lucinda (the appellant) that Leola (the prosecutrix) had been telling "Nigger" (a pet name for Lucinda's husband) about Lucinda's "going with 'Big—un' (described by Leola as 'Lucinda's man')."

True, Lucinda varies the cause of the difficulty; but only slightly. She testifies that she accosted Leola about—to use her words—"talking on me at home"; and she also introduces a complaint that Leola had been, in effect, just "a little too thick with 'Nigger.'"

All the issues were for the jury, and we can see no fault in the trial judge's instructions.

Malice, of course, is not an ingredient of the offense of which appellant was convicted, Moore v. State, 154 Ala. 48, 45 So. 656, hence all the criticisms of said instructions on account of their treatment of that subject, even should we concede, which we do not do, that they are abstractly of merit, are beside the point.

We observe nowhere any prejudicially erroneous ruling or action by the court, and the judgment of conviction is affirmed.

Affirmed.