## SALTER v. PEARCE.

1. Where an action of detinue is brought against two, and a verdict is found against one, and in favor of the other, in the absence of any thing in the record to show the character of the caption and detention, they may, on error, be intended to be tortious, and a judgment according to the finding be sustained.

WRIT of Error to the Circuit Court of Butler.

The defendant in error brought an action of detinue against the plaintiff and Unity Pearce, for the recovery of three slaves. The cause was tried by a jury, who, by their verdict, say "that they find the defendant, Unity Pearce, does not detain the property of said plaintiff, and that said defendant, Salter, detains the said slave Jesse, from said plaintiff, and assess his damages for the value of said slave at the sum of eight hundred dollars, and they further assess the hire of said slave at the sum of one hundred and three 25-100 dollars."

On this verdict a judgment was rendered against Salter and in favor of Pearce; and it is now assigned for error that the verdict does not sustain the judgment.

ELMORE, for the plaintiff in error. Detinue was no other than an action of debt in the *detinet* instead of the *debet;* that it belonged to the class of actions *ex contractu*, and that if the jury did not find a verdict against all the defendants, the plain-

tiff was not entitled to a judgment against any less number, who the jury may have found to be guilty of a wrongful detention of the thing sued for. To sustain this view he cited, 2 Reeves' His. Eng. L. 261, 331-3; 3 id. 67; 1 Chit. Plead. 118.

Cook, for the defendant.

COLLIER, C. J.—In actions *ex delicto*, each of the defendants is liable for his own wrongful act, and it is competent for the plaintiff to proceed jointly or severally against those who have participated in it. If the plaintiff brings his action against several, but only makes out a case against one, he is entitled to a verdict and judgment against him on whom the proof fixes a liability. [Arch. Civ. Pl. 240, a.; 1 Chit. Pl. 65, *et post.*] But independent of any statutory regulation, the law is otherwise as it respects actions *ex contractu.* There the declaration supposes the contract to be entire, and jointly obligatory upon all who are sued, and if the plaintiff fails to make out his case against either of the defendants, he is not entitled to judgment against such as may be justly chargeable. [Arch. Civil Pl. 240; 1 Chit. Pl. 65, *et post.*

The material inquiry in this case is, to which of the general classes of actions, the action of detinue is assignable. The older editions of Chitty's Pleading considered it under the head of actions *ex contractu,* for the reason doubtless, that in its origin it was regarded as an action of debt in *detinet;* and in many of the elementary books, it was said not to be sustainable when the goods came *tortiously* into the defendants possession. This latter notion it is said originated with *Brian, C. J.* in the reign of Henry VII. who held that detinue could not, in such case, be supported; because, by the trespass, the property of the plaintiff was divested, and in order to support detinue, the property in the chattel must be vested in the plaintiff at the time of the commencement of his action. This very fallacious reasoning, if ever followed, has been long since repudiated. The gist of the action is the wrongful detention of the thing, not the original caption, and it is regarded as wholly unimportant whether the defendant's possession was acquired by a bailment or trespass.

Different writers upon the law of pleading have assigned detinue to each of the classes of actions, according as their respective opinions inclined, while others have considered it, as partaking according to circumstances, of either class, but not susceptible of classification.    We think that detinue cannot be always considered an action *ex contractu.*    Conceding that such is its character when the defendant's possession commences under a contract of bailment, yet where the taking is *tortious*, the detention must be alike wrongful.    Without reference to the manner of taking and detaining, the form of the declaration is always the same, so that we cannot learn from the pleadings whether the possession was legally acquired.    And whatever may be the law in such case, (which we need not determine,) wherever there is a *tortious* taking, the action is *ex delicto.*    The inference being allowable that the proof established such a caption, the verdict which is against one, and in favor of the other defendant, afforded a warrant for a judgment accordingly.

The consequence is, that the judgment of the Circuit Court is affirmed.