## OLIVER *vs.* McCLELLAN.

1. A bailee who is guilty of a conversion by selling or exchanging the property committed to him, is a competent witness for his bailor, in detinue for its recovery, his interest being exactly balanced.

2. An infant may be sued for his *torts*, irrespective of the form of action which the law prescribes for the redress of the wrong done.

3. The fact that a minor is " in the habit of trading on his own account, and working about in the neighborhood, controlling the proceeds of his own labor," does not operate as a forfeiture of that protection which the law throws around him, when it forbids his being sued except in particular cases.

ERROR to the Circuit Court of Talladega.

Tried before the Hon. ROBERT DOUGHERTY.

The case made by the record is this: McClellan lent a horse to one Hall, who exchanged it with Oliver, without the consent of McClellan, but on a stipulation that the exchange was not to be final until it was ratified by McClellan. In a few days after the exchange took place, McClellan refused to ratify it, and insisted on having his own horse restored to him. Hall went to Oliver, told him of McClellan's dissatisfaction, and demanded the horse of him, offering him first ten and then fifteen dollars to induce him to take the horse he had exchanged for that of McClellan, and give up McClellan's horse; Oliver refused all offers, and kept McClellan's horse.

McClellan sued Oliver in detinue to recover his property, and the latter interposed the plea of infancy, which he fully sustained by proof. On the trial, Oliver objected to the introduction of Hall as a witness for the plaintiff, on the ground of interest in the event of the suit; but the objection was overruled, and he excepted.

The judge, (as appears by the bill of exceptions,) charged the jury, " That if they believed the evidence, and that the trade was made under the circumstances shown by it, and that at the time the defendant was under the age of twenty-one years, but was in the habit of trading on his own account and working about in the neighborhood, controlling the proceeds of his labor, they must find for the plaintiff." To this

charge the defendant excepted, and asked the court to charge the jury : "That if they believed from the evidence, that the defendant made the trade with Hall, and agreed at that time that he would see plaintiff, and if he was not satisfied with it, then he would trade back with him, and that the defendant was under twenty-one years of age at that time, and was not of age when this suit was commenced, then they must find for the defendant." This charge the court refused, and the defendant excepted.

The overruling of the objection to the competency of the witness Hall, the charge given, and the refusal to charge as requested, are here assigned for error.

L. E. PARSONS and JOHN WHITE, for plaintiffs in error:

1. Hall was not a competent witness for the plaintiff, because he was directly interested in the event of the suit. Smith v. Prayer, 7 Term R., 60; Bent v. Baker, 3 ib., 27; Lewis v. Post, 1 Ala., 65.

2. The plaintiff in error could not wrongfully withhold property ; for, in law, he is incapable of holding property at all. The guardian is responsible for the property which his ward holds.

RICE & MORGAN and JONES & BOWIE, contra :

1. Infants are not liable in actions arising ex contractu, but they are liable in actions arising ex delicto, for positive wrongs and also for constructive torts; and the court will look through the form of the action into the tortious nature of the transaction. Homer v. Thwing, 3 Pick. Rep., 492; 1 Chitty's Pl., 76.

2. It is a constructive tort, if not a positive wrong, for an infant to procure or take the horse of one man from another, without the authority or consent of the owner, either express or implied, and wrongfully to detain the horse from the owner. The wrongful detention is the gist of the action of detinue. And any detinue of the property of another, without his authority or consent, and without any lawful authority, is wrongful. Myers v. Gilbert, 18 Ala. Rep., 467.

3. Detinue may be regarded either as an action ex contractu or ex delicto. Where the defendant acquires possession of the

property without lawful authority or the authority of the owner, by a trade with a third person, who has no authority to trade the property, such taking of possession is tortious, and amounts to a conversion; and in such case if detinue is brought, it is regarded as an action *ex delicto*. Salter v. Pearce, 4 Ala. Rep., 669.

4. One trespasser is a competent witness against his co-trespasser. One tort-feasor is competent against another joint tort-feasor. This is the necessary result from the incontestable right of election *de melioribus damnis*. No act of any of the tort-feasors can deprive him of this right of election. "To determine the plaintiff's right to elect, he must act," after obtaining judgment. It is entirely contingent, dependent on his own volition, whether there shall be a satisfaction, even after judgment; and it is, therefore, clear that the interest of a co-trespasser when offered as a witness for the plaintiff is only contingent, not certain or fixed, and does not render him incompetent. Blann v. Crocheron, 20 Ala., 320; Lewis v. Post, 1 Ala., 71.

In the case last cited, our Supreme Court noticed this difference between the cases of partners and co-trespassers, and intimate that this difference either creates a distinction, or that the admission of co-trespassers as witnesses for the plaintiff forms an exception to the general rules of evidence. 1 Ala. Rep., 71.

But in the present case, even if the witness was interested for the plaintiff, he was equally interested for the defendant. His interest is balanced. If plaintiff recovers, the witness is liable to the defendant for the value of the property and interest, upon his implied warranty of title. If defendant recovers, the witness is freed from any liability to defendant on his warranty of title.

LIGON, J.—The first question naturally arising on the record, relates to the competency of Hall as a witness for the plaintiff in the court below.

It is contended, that he is interested in procuring a verdict against the plaintiff; because, if the plaintiff recover against Oliver, and that recovery is satisfied, he will exempt himself from a recovery at the suit of the plaintiff for his own con-

version of the horse, in trading him to Oliver; for the plaintiff can have but one satisfaction for the property converted. Were this the whole extent of his liability, the objection would be good. But the witness is not only liable to McClellan in the manner above stated, but if McClellan recover of Oliver, the latter is entitled to his action against the witness for a breach of the implied warranty of the title of the horse, at the time the sale was made to him. Thus, it will be seen, that Hall, the witness, is liable in every event, and that his interest is balanced. A witness so situated, has been constantly held to be competent for either party. 2 Mass. 108; 1 Watts, 135; 1 Bibb, 298; Greenleaf's Ev.

The remaining assignments of error may be well considered together, for the objection to the action of the court below is the same in each, and arises out of the supposition, that an infant or minor cannot be sued in detinue, notwithstanding the conversion of which he is guilty is tortious in its character.

"The gist of the action of detinue is the wrongful or tortious detention of the property, not the original caption, and it is regarded as wholly unimportant whether the defendant's possession was acquired by bailment or trespass." Salter v. Pearce, 4 A. R. 669. The action of detinue, especially when founded on a conversion and detention, such as are exhibited in this case, is in fact an action *ex delicto;* it seeks redress against the defendant for a tort; and, I think it clear, both on principle and authority, that an infant may be sued for his torts, and this, irrespective of the form of action which the law prescribes for the redress of the wrong done. 1 Chitty's Plead. 76; 3 Pick. Rep. 492; 6 Cranch, 226; 9 N. H. 441; 3 McCord, 257.

It may not be improper here to remark, that, in coming to this conclusion, I attach no importance to that portion of the direct charge of the court below which seems to imply, that if the defendant "was in the habit of trading on his own account, and working about in the neighborhood, controlling the proceeds of his own labor," his liability to be sued would be greater, than if he labored alone for his parents or guardian. I am not prepared to say, that the rights or liabilities of an infant, situated as this part of the charge presupposes the de-

fendant in this case to be, would be, in any respect, different from those of other minors, except in this, that he might be considered as the agent of the parent or guardian in making bargains for his own labor, and his acquittances for his wages would be good against such parent or guardian. But even this would not result, unless he thus acted with the consent, or by the connivance of the parent or guardian.

The exercise of these privileges, however, does not operate a forfeiture of that protection which the law throws around the minor, when it forbids his being sued except in particular cases.

Let the judgment be affirmed.