# McIntyre *v.* The State.

## *False Pretense.*

(Decided May 9, 1911. 55 South. 639.)

1. *Appeal and Error; Review; Objections Below.*—Where a defendant fails to object to questions calling for testimony he may regard as objectionable, he is not in position to complain of the admission of such testimony.

2. *Trial; Evidence; Waiver of Objection.*—Where the defendant voluntarily introduces the same evidence to the admission of which he had previously objected, he waives his objection.

3. *False Pretense; Repayment of Money; Evidence.*—The fact that the defendant did or did not repay the money is immaterial with respect to the offense of obtaining money by false pretense, and hence,

[McIntyre v. The State.]

it was error to permit the state to show that the defendant did not repay it.

4. *Same; Evidence.*—Under an indictment for obtaining money under false pretenses, it appearing that the defendant had agreed to execute a mortgage on both realty and personalty, it was not permissible for the lender to state how much money he would have let the defendant have if the realty had not been included, since it called for the undisclosed purpose of the witness.

5. *Same.*—The fact that a mortgage to secure payment was given after obtaining the money does not preclude a prosecution for obtaining money under false pretenses.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Wallace McIntyre was convicted of obtaining money by false pretenses, and appeals. Reversed and remanded.

The indictment charged that defendant, with intent to defraud, did falsely pretend that he had one sorrel horse, named Charlie, seven years old, and one black mare mule, named Maud, six years old.

When the witness Davis was on the stand, the bill of exceptions shows that he testified that he would let him have the money if he had the right kind of collateral, and that defendant offered witness a mortgage on some land; that this was the day before the mortgage was drawn. The defendant objected to the testimony as to the mortgage being drawn, because it was a conclusion of the witness. Further testifying, the witness stated that, the day he let the defendant have the money, the defendant told him that he had other property which he would hypothecate with the land, and that it was a mule, a horse, and a yoke of oxen. The defendant objected to any testimony as to the yoke of oxen, because same was not mentioned in the indictment. The witness Tucker, testifying, stated among other things that he went to defendant's home, but was unable to find him, and that afterwards, in November, 1909, defendant came to witness' office•and that he understood defend-

ant had been arrested at that time. The defendant ob-
jected to the statement that defendant had been arrest-
ed at that time.

T. J. BEDSOLE, for appellant. The testimony as to
the yoke of oxen was irrelevant.—*Meeks v. State*, 117
Ala. 116; *O'Connor v. The State*, 30 Ala. 9. The court
erred in admitting the mortgage.—*Mack v. The State*,
63 Ala. 138; *Meeks v. The State, supra; Cook v. The
State*, 162 Ala. 93. The court erred in permitting the
state to prove that the defendant had not repaid the
money.—*Meeks v. The State, supra.* The defendant
should have been allowed to show how much money
would have been loaned if the realty had not been in-
cluded.—*Mack v. The State, supra; Woodbury's Case*,
69 Ala. 242. The witness could not testify that the de-
fendant's statement was voluntary.—47 So. 100. It
was competent for the defendant to testify that he in-
tended in good faith to repay the money.—*O'Connor v.
The State, supra;* 19 Cyc. 446; 5 Enc. of Evi. 744; 15
Hun. 347. Charge 4 should have been given.—19 Cyc.
404. Charge 6 should have been given.—*O'Connor's
Case, supra.*

ROBERT C. BRICKELL, Attorney General, and W. L.
MARTIN, Assistant Attorney General, for the State.
Error must affirmatively appear to work a reversal.—
*Wright v. The State*, 108 Ala. 60. No objection was
interposed to questions calling for certain evidence and
the court cannot be put in error for refusing to exclude
it.—*McCalman's Case*, 96 Ala. 98; *Billingsley's Case*,
96 Ala. 126. The defendant's representation regarding
his ownership of the oxen was properly admitted as
part of the res gestae.—*Horn v. The State*, 102 Ala.
150; *Curtis v. The State*, 118 Ala. 131. There was no
error in admitting the mortgage.—*Lawson v. The State*,

20 Ala. 78. The intentions of the lender were not admissible.—*Meek's v. The State,* 117 Ala. 123. The confession of the defendant that he had never owned the property was properly admitted.—*Newell v. The State,* 115 Ala. 61; *Barton v. The State,* 107 Ala. 25. The defendant could not testify as to his unexpressed intention.—*Holmes v. The State,* 136 Ala. 84; *Wheelis v. Rhodes,* 74 Ala. 19. The price paid for the land was immaterial.—*Whittaker v. The State,* 160 Ala. 632. Charge 8 was bad.—*Finch v. The State,* 81 Ala. 41; *Jefferson v. The State,* 110 Ala. 89. Charge 9 was properly refused.—*Turner v. The State,* 97 Ala. 57. But the court erred in allowing proof that defendant had not repaid the money.—*Meek v. The State, supra; Carlisle v. The State,* 77 Ala. 71.

WALKER, P. J.—For anything that appears in the bill of exceptions, the statement of the witness Davis as to a remark made to him by the defendant "before the mortgage was drawn" may have been called for by a question of the solicitor, which was not objected to by the defendant, asking what the defendant said "before the mortgage was drawn." If so, there was no error in the refusal of the court to exclude the quoted statement of the witness as to the drawing of the mortgage, as a party should not speculate upon the answer to a question calling for testimony which he may regard as objectionable.—*Billingsley v. State,* 96 Ala. 126, 11 South. 409. A like consideration disposes of the exception to the action of the trial court touching a statement by the same witness in reference to a yoke of oxen, and also the exception to the action of the trial court in reference to defendant's objection to the statement by the witness Tucker in reference to an arrest of the defendant.

When examined as a witness in his own behalf, the defendant voluntarily stated that he executed the mort-

gage to Davis, and testified as to the details of that transaction. By so doing he abandoned his objection, previously made, to the introduction of that instrument in evidence. It is not intended to be intimated that there was merit in that objection, on the grounds stated, when it was made.

Following the rule made in the case of *Meek v. State,* 117 Ala. 116, 23 South. 155, it must be held that there was error in permitting the state, against the objection of the defendant, to prove that the defendant did not pay the debt contracted. If defendant, when he obtained money, had no intent to defraud, or had not made the alleged false pretense, he was not guilty, whether he afterwards paid the debt contracted or not, and without regard to whether he afterwards formed a fraudulent intent not to pay.

The defendant, in asking the witness Davis the question, "How much money would you have let the defendant have, if the land had not been included with the horse and mule?" called for the undisclosed purpose or intention of the witness, and there was no error in sustaining the objection interposed by the state to the question.

If by the false pretenses alleged, made with intent to defraud, the defendant obtained money from Davis, as charged in the indictment, it was not a ground for excluding the evidence tending to show the obtaining of the money by the alleged false pretenses, made with intent to defraud, that the mortgage given to secure the repayment of the money so obtained was executed after the money was paid.

Other questions presented may not arise on another trial, and they need not be considered. Because of the error above stated, the judgment must be reversed.

Reversed and remanded.