# *Ex Parte* Rodgers.

## *Mandamus.*

(Decided November 30, 1914. 67 South. 253.)

1. *Indictment and Information; Grand Jury; Objection to Formation.*—One indicted by a grand jury could not complain of the action of the trial court in excusing grand jurors who answered in the negative questions as to whether or not they would indict druggists for selling coca-cola, cigars, etc., on Sunday, since the same related to the formation of the grand jury, and was within the provisions of section 7572, Code 1907.

2. *Grand Jury; Formation.*—Where the court excused one who was placed on the grand jury through mistake, and then called the person intended and excused him, and then called the next man on the list, and placed him on the grand jury, such action did not render the grand jury illegal so as to affect the validity of an indictment returned after the last named person had been placed on the grand jury.

3. *Mandamus; Right to; Records.*—A mandamus to correct the record of the court as to the organization of a grand jury will not be granted where the record, when corrected, canont affect the right of petitioner indicted by such grand jury.

ORIGINAL petition in the Supreme Court.

Mandamus by John Rogers against B. M. Miller, Judge of the Fourth Judicial Circuit, to compel the latter to change or correct the records of the organization of a grand jury. Denied.

The peition shows: That an indictment was returned against John Rogers for murder by the grand jury organized for the circuit court of Dallas county November 23, 1914. That the jurors who answered to their names were called before the court, and the court proceeded to hear all the excuses offered, and the claims of exemptions made by the different members of the venire. Then the court proceeded to examine the members .of the venire as to their qualifications, and in doing so the court asked them if they would indict a person for carrying a concealed weapon, and directed all those who would do so to hold up their hand, and he asked them if they would indict druggists for selling soda water, candy, and cigars on Sunday, and that one Wilby and Eagle stated they would not indict for that offense, and they were excused from further service, and their names omitted from the box. That one Anderton, a member of the venire, stated that he would not indict a druggist, nor would he indict persons for playing baseball on Sunday, or for racing horses, and his name was stricken from the venire and duly discharged. That neither of the three jurors offered any excuse or claimed any exemption from jury duty. The balance of the names remaining on the venire were written on a separate sheet of paper and placed in the box, and the judge proceeded to draw therefrom 18 names to compose the

grand jury, and that the name of J. Fullerton Hooper was drawn as a grand juror, his being the eighteenth name drawn from the hat, and that after the said grand jury had been so drawn and impaneled and charged, and had retired for their deliberations, it was shown to the court, but not by relator or any one on his behalf, that the said J. Fullerton Hooper who was impaneled on said grand jury was not the person drawn and summoned, but that another by the same name was the person drawn and summoned, and the court thereupon discharged the said J. Fullerton Hooper, and selected the name of B. H. Perrin, who had been drawn and sworn as petit juror No. 1, his name being the nineteenth name drawn from the hat, and that said Perrin was serving on the grand jury which returned the indictment. The petition further quotes the minutes of the court showing that upon sufficient excuse the following named persons were excused from jury service, including the names of the three persons named above, but not showing that such persons were excused because of their attitude towards the indicting for the offenses about which they were interrogated by the court, and also reciting that J. Fullerton Hooper, Jr., who had not been drawn and summoned, appeared and answered for J. Fullerton Hooper, who had been drawn and summoned, but did not appear, but failing to recite that J. Fullerton Hooper was excused after being impaneled, but showing simply that Perrin had been drawn and sworn as a grand juror.

CRAIG & CRAIG, for appellant.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for appellee.

[Ex Parte Rogers.]

PER CURIAM.—This is an application for mandamus to the judge of the Fourth judicial circuit, to compel him to change or correct the record as to the organization of the grand jury of Dallas county; the petitioner having been indicted by said grand jury.

(1) As to the names of those jurors who were excused by the court for answering in the negative, as to whether or not they would indict druggists for selling cocacola, cigars, etc., on Sunday, the action in doing so went to the formation of the grand jury; and no objection to the action of the court is available to this petitioner, as section 7572 of the Code of 1907 cuts off the right to object to an indictment as to either the drawing or the formation of the grand jury, except where the jurors were not drawn in the presence of the officers designated b law; and said section 7572 is also contained in section 23 of the Jury Law (Acts Sp. Sess. 1909, p. 315). Therefore the correction sought, if made, could be of no avail to this petitioner, for, if made in accordance with his contention, it could not affect the validity of the indictment against him.

(2) As to the acton of the court in excusing young Hooper, who was placed on the grand jury through mistake, and then calling his father, who was the one intended, and then excusing him, and then placing Perrin, the next man on the list, on the grand jury, we may concede that this did not go to the formation of the grand jury as it originally stood, and that the record should state the true facts, and should yet be corrected by the trial court if in session and if not correct; yet, accepting the petitioner's version as to what was done, we are of the opinion that the action of the court, as set up in the motion, did not render the grand jury illegal, so as to affect the validity of indictments returned by it after Perrin was placed on same.

[State, ex rel. City of Tuskegee v. Macon County.]

(3) It would therefore be a useless performance to mandamus the trial court and require the correction of a record when, as corrected, it could not affect the validity of the indictment against this petitioner. The application is denied.

Mandamus denied.

ANDERSON, C. J., and McCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.