# Rogers *v.* The State.

## Murder.

(Decided August 1, 1916.   Rehearing denied September 7, 1916.
. 72 South. 689.)

1. **Appeal and Error; Harmless Error; Pleading.**—Where the demurrers interposed by the state to the pleas filed by defndante should have been sustained, technical errors in rulings on the replications to the pleas are not prejudicial.

2. **Homicide; Evidence; Dying Declarations.**—Where the testimony clearly showed that the statements made by deceased were made under a sense of impending death, that they referred to the shooting of deceased by defendant, and that he intelligently answered the questions asked him, such statements were admissible.

3. **Witnesses; Refreshing Recollection.**—A memorandum made by a witness immediately after the declarations of deceased, made in his presence, and from notes then taken. may be used by the witness to refresh his recollection.

4. **Appeal and Error; Harmless Error; Evidence.**—Where the answer of a witness on cross examination by the state was favorable to defendant, any error was harmless.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

(This case was reviewed by the Supreme Court on certiorari, and the writ denied.   See *Rogers v. State, ex parte,* 198 Ala. 73 South. 1001.)

John Rogers was convicted of manslaughter in the first degree and he appeals.   Affirmed.

The pleas referred to here present the same matter as that presented by the appeal in *Ex parte Rogers,* 190 Ala. 627, 67 South. 253.

CRAIG & CRAIG, for appellant.  W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—The questions presented on this appeal as to the organization of the grand jury were presented to and considered by the Supreme Court in *Ex parte Rogers,* 190 Ala. 627, 67 South. 253, the court holding that the matters complained of did

[Rogers v. The State.]

not affect the validity of the indictment, and were not available to the defendant as a ground for having the indictment quashed. The cases of *Hafley v. State*, 8 Ala. App. 378, 62 South. 319, and *Yeager v. State*, 8 Ala. App. 374, 62 South. 318, relied on by appellant, were declared to be unsound on this point in *Ex parte Lawler*, 185 Ala. 428, 64 South. 102. The result is that the rulings of the court on the several motions of the defendant, if error, were without injury.

(1) Under the holding of the Supreme Court, the demurrers of the state to the defendant's pleas should have been sustained, but the same result was reached by the holding that the replications were a complete answer to the pleas and giving the affirmative charge to find for the state on the issues thus presented; and if technical error was committed in any of the rulings, no injury resulted.—*Friedman Bros. v. Cullman Building & Loan Association*, 124 Ala. 344, 27 South. 332.

(2) The testimony of the witnesses who relate the "dying declarations" of the deceased clearly show that the statements of the deceased relative to the shooting were made under a sense of impending death, that he answered the questions asked him by the witness Turner intelligently, and that his declarations were in reference to the shooting of deceased by the defendant, and the defendant's objection to this evidence was properly overruled.— *Patterson v. State*, 171 Ala. 2, 54 South. 696; *McEwen v. State*, 152 Ala. 38, 44 South. 619; *Gregory v. State*, 140 Ala. 16, 37 South. 259. In *McHugh v. State*, 31 Ala. 319, relied on by appellant, the dying man made no statements whatever, but merely "nodded his head," and the court there said: "It is clear that the language of the statement is not the language of deceased; unless made so by his mere 'nodding his head.' If there was anything to convince us that he perfectly understood the language employed in the statement, or that he was at the time able to have detected any erroneous inference as to his real meaning, which his friends might have expressed in the answers given by them and embodied in the statement. we should regard the assent given by nodding his head as sufficient. But we see nothing which satisfies us that he either perfectly understood the language, or was able to have detected the erroneous inference as to his meaning, which his friends may have honestly drawn in making the answer set forth in the statement. He was just in that condition in which for the sake of peace, or to be rid of the

[Pickett v. The State.]

importunity or annoyance of those around him, the probability is, he would assent to, or seem to say, whatever they chose to suggest."

In the case in hand, the declarations are clearly shown to be those of the deceased, a memorandum of which was made in his words, and that his answers were intelligently and readily given, and these facts differentiate this case from the *McHugh Case.*

(3) The memorandum used by the witness Roberts was made by the witness immediately after the declarations of the deceased were made, in his presence, and from notes then taken, and was such as, under the rule prevailing in this state, the witness might refer to to refresh his recollection.—*Calloway v. Varner,* 77 Ala. 541, 54 Am. Rep. 78; *B. R. L. & P. Co. v. Seaborn,* 168 Ala. 658, 53 South. 243; *Hitt Lumber Co. v. McCormack,* 13 Ala. App. 453, 68 South. 696.

(4) The answer of the witness Hopper to the solicitor's question on cross-examination was favorable to the defendant, and, if error, was without injury. However, under the liberal rules governing cross-examination of witnesses, abuse of the court's discretion is not shown.—*Cox v. State,* 162 Ala. 66, 50 South. 398; *Carson v. State,* 128 Ala. 60, 29 South. 608.

We have treated all questions urged in brief of able counsel for appellant; and, while we have carefully examined all other matters appearing upon the record, the nature of the questions presented do not warrant further discussion.

Reversible error not appearing upon the record, the judgment of the trial court is ordered affirmed.

Affirmed.