# Rogers, *et al. v.* Whittle.

### Detinue.

(Decided January 9, 1917.   74 South. 96.)

1. **Detinue; Nature.**—The gist of the action of detinue is the wrongful detention of the property.

2. **Same; Title and Possession.**—In order to recover in detinue a plaintiff must not only show a general or special property in chattels, but a right to immediate possession.

3. **Judgment; Two or More Parties.**—Where two or more parties join as plaintiff in an action at law, both must be entitled to recover or neither can.

4. **Pledges; Possession.**—A written pledge recognizing the pledgee's rightful possession of property delivered under the pledge confers upon him the right to retain such possession as against the pledgor, if the terms of the pledge are not breached.

5. **Detinue; Possession; Joint Plaintiffs.**—Where a pledgee in possession of property is entitled to its possession as against one of two joint owners, such joint owners cannot recover same in detinue.

6. **Witnesses; Impeaching.**—Where a plaintiff in detinue testified as to the value of the property, defendant could show on cross examination that plaintiff had made a contradictory statement as to its value in order to impeach plaintiff's credibility.

7. **Mortgages; Chattel; Consideration.**—The guaranty by a third party of payment of rent by a mortgagee of chattels, if the mortgagor would give a mortgage to secure the payment of his debt already incurred to such mortgagee, was a sufficient consideration to sustain the mortgage.

8. **Same; Evidence.**—Even if a mortgage for a debt already incurred be regarded as without consideration the mortgage is competent evidence as an admission by the mortgagor of the existence of the debt.

9. **Trial; Objections to Evidence; Scope.**—Where an objection is specifically made to the admission of evidence that it is illegal, irrelevant and immaterial, this is a waiver of all other grounds.

10. **Evidence; Degree.**—The measure of proof necessary to determine an issue in civil trials is that the jury must be reasonably satisfied from the evidence.

11. **Appeal and Error; Harmless Error; Instructions.**—A judgment will not be reversed because a charge given for the appellee as to the degree of proof required to establish his case was not technically correct, where it was at most calculated to mislead.

APPEAL from DeKalb Circuit Court.
Heard before Hon. W. W. HARALSON.

[Rogers, et al. v. Whittle.]

Detinue by Z. D. Rogers and wife against Joe Whittle for the recovery of certain personal property, restaurant fixtures. Judgment for defendant, and plaintiffs appeal. Affirmed.

The testimony of Rogers was that he rented the fixtures to Whittle at a rate of $3 per month for the first month, and that Whittle was to pay $5 the succeeding months. That Whittle paid the first $3, and on the next month paid only $3, when he told him he would have to come up on the rent, and that later Whittle came to him and told him he could not pay rent, but offered to give plaintiff credit on the notes that plaintiff was due Whittle, when plaintiff told him that the note was not yet due, and that he would have to have his rent. Rogers had executed Whittle a note for $100, payable November 15, 1914, and in connection with the note executed to Whittle a chattel mortgage on the restaurant fixtures in question. The testimony as to the note was as follows:

Whittle went to Rogers, and said to him: "I want you to do something for me." And witness said: "What do you want me to do?" And Whittle, and Judge Crowley went off and talked a while, and they came back, and Judge said: "Now, Doc, we want a mortgage for better security on this note; I will stay on it." Rogers then asked Whittle where the note was, and Whittle replied that he did not know, and Rogers said to Whittle: "Get up this note, and I will give you the mortgage." The mortgage was prepared, and I signed it, and Judge Crowley said he would vouch for the rent.

The evidence was in conflict as to whether the property was that of Rogers or of Rogers and his wife. Mrs. Rogers did not sign the mortgage or the note. The charge referred to as given at the instance of defendant was as follows:

If you believe from the evidence reasonably that defendant was to retain the property until the mortgage debt was paid, and you further find that the mortgage debt had not been paid, your verdict should be for defendant.

W. U. JACOWAY and E. O. McCORD, for appellant. HUNT & WOLFES, for appellee.

BROWN, J.—(1-3) The gist of the action of detinue is the wrongful detention of the property of the plaintiff by the defendant; and to entitle the plaintiff to recover he must not only show

[Rogers, et al. v. Whittle.]

general or special property in the chattel, but he must be entitled to the immediate possession.—*Salter v. Pearce,* 4 Ala. 669; *Oliver v. McClellan,* 21 Ala. 675; *Reese v. Harris,* 27 Ala. 301. And where two parties join as plaintiffs in an action at law, both must be entitled to recover or neither can recover.—*McLeod v. McLeod,* 73 Ala. 42; *McCall v. Jones,* 72 Ala. 373; *Lovelace v. Hutchinson,* 106 Ala. 425, 17 South. 623; *Prestwood v. McGowin,* 128 Ala. 277, 29 South. 386, 86 Am. St. Rep. 136; *Kelly v. Kelly, et al.,* 9 Ala. App. 306, 63 South. 740.

(4, 5) While the evidence on the part of the plaintiffs shows that the property was the joint property of the plaintiffs, that offered by the defendant tended to show that the plaintiff Z. D. Rogers had pledged the property to secure a debt due from him to the defendant, and for this purpose the property was delivered to the defendant, with the agreement that defendant would pay a stipulated sum per month as rent therefor; that this pledge was subsequently embodied in a writing recognizing the defendant's rightful possession of the property. This pledge, if its terms were in no way breached, conferred upon the defendant the right to retain the possession of the property pledged, as against the pledgor, Z. D. Rogers.—*Noles v. Marable,* 50 Ala. 366; *Bryan v. Smith,* 22 Ala. 534; *Snellgrove v. Evans,* 145 Ala. 600, 40 South. 567; 35 Cyc. 787. The defendant being entitled to the possession against Z. D. Rogers, the joint owner with Z. D. Rogers could not maintain an action of detinue for the recovery of the property.—*Smith v. Rice,* 56 Ala. 417. What we have said is sufficient to show that proof of the indebtedness due from Rogers to the defendant was competent.

(6) The plaintiff Rogers testified as to the value of the property, and it was competent for the defendant to show on cross-examination of Rogers that he had made a contradictory statement as to its value. This evidence was admissible for the purpose of impeaching the credibility of the witness.

(7-9) The obligation of Judge Crowley guaranteeing the payment of the rent. by Whittle if Rogers would give the mortgage was a sufficient consideration to sustain the mortgage, if any other consideration than the debt which it secured was necessary. Furthermore, conceding that the mortgage was without consideration, the paper was an admission by Rogers of the indebtedness, and was competent evidence. The ground of objection specified was that the paper was "irrelevant, illegal, and

immaterial." This was a waiver of all other grounds.—*McDaniel v. State,* 97 Ala. 14, 12 South. 241.

(10, 11) The rule as to the measure of proof necessary to determine an issue in civil trials is that the jury must be reasonably satisfied from the evidence (*L. & N. R. R. Co. v. Sullivan & Co.,* 126 Ala. 103, 27 South. 760) ; and while the charge given at the instance of the defendant is not technically a correct statement of the rule, we are of opinion that the charge was, at most, calculated to mislead, and could have been properly refused. However, the judgment will not be reversed for giving the charge.—*Daniel v. Bradford,* 132 Ala. 262, 31 South. 455.

Affirmed.