(76 South. 468)

CARTER v. STATE. (4 Div. 474.)

(Court of Appeals of Alabama. June 12, 1917.)

1. CRIMINAL LAW ⊜1088(18) — MATTERS NOT IN RECORD—REVIEW.

Refusal of written charges required by Acts 1915, p. 815, to be made part of the record proper, is not reviewable, where the charges appear only in the bill of exceptions.

2. CRIMINAL LAW ⊜695(2)—SUFFICIENCY OF OBJECTIONS.

General objections to testimony not patently irrelevant are properly overruled.

3. LIENS ⊜14—SALE OF PROPERTY SUBJECT TO LIEN.

In a prosecution under Code 1907, § 7342, for selling or removing property subject to lien, the value of the property was material, and testimony thereof was properly received.

4. CRIMINAL LAW ⊜695(2) — OBJECTION TO EVIDENCE.

General objection to a question calling for material testimony was properly overruled.

5. CRIMINAL LAW ⊜1137(5)—HARMLESS ERROR—MATTERS TESTIFIED TO BY DEFENDANT.

The accused cannot complain of the admission of testimony, where he himself testifies to the same state of facts.

6. LIENS ⊜14 — SALE OF PROPERTY — ORAL CHARGE—INTENT.

In a prosecution under Code 1907, § 7342, for selling or removing property subject to lien, there was no error in the court's oral charge that the jury could look to defendant's false representation that the property had been burned, for the purpose of showing intent.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

John Carter was convicted of selling or removing certain personal property upon which there was a lien, and appeals. Affirmed.

W. L. Martin, Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted under section 7342 of the Code of 1907, and was charged with the offense of selling or removing certain personal property upon which there was a lien, for the purpose of hindering, delaying, or defrauding the lawful holder of said lien. The indictment was in Code form, and was sufficient.

[1] The question presented for review is the ruling of the court in several instances upon the evidence, and also to a portion of the court's oral charge to the jury. There were also two written charges refused to the defendant; but, as these charges appear only in the bill of exceptions, and not in the record proper, as required by law, they are not reviewable, and we are without authority to consider them. Acts 1915, p. 815; Pilcher v. State, post, p. 237, 77 South. 75; Dempsey v. State, 15 Ala. App. 199, 72 South. 773.

[2] The state witness Sessions had been properly qualified to show that whatever statement was made by the defendant in the nature of a confession was voluntary and without improper influences, and there was no error in the ruling of the court in this connection; furthermore, the evidence called for was not patently irrelevant, and the objection interposed being a general objection, and specifying no grounds upon which it was based, it was for this reason also properly overruled. Gunter v. State, 111 Ala. 23, 28, 20 South. 632, 56 Am. St. Rep. 17.

[3] The court likewise properly overruled defendant's objection to question propounded to the witness Sessions relative to the value of the wagon and harness, the property described in the indictment; the value of the property being a material question in this case. Lewis v. State, 165 Ala. 83, 51 South. 308; Cleveland v. Wheeler, 8 Ala. App. 645, 62 South. 309. The objection interposed being general, it was also properly overruled for that reason. Patton v. State, 197 Ala. 180, 72 South. 401.

[4] There was also a general objection interposed to the question propounded to state witness Speigner, "Do you remember how much rent you had to pay on that piece of corn?" and after the witness had answered the question, the answer was allowed to remain, and no motion was made to exclude it from the jury. While this evidence does not appear material or relevant to any issue in the cause, we are clearly of the opinion that it in no wise prejudiced the substantial rights of the defendant, and it is not prejudicial error to overrule an objection which could not prejudice the defendant. Minto v. State, 8 Ala. App. 306, 62 South. 376. The objection to the question propounded to state witness Pettus was a general objection, specifying no grounds upon which the objection was based, and the question calling for relevant and material testimony, the objection was properly overruled. Moore v. State, 154 Ala. 48, 45 South. 656.

[5] There was no error in overruling the motion to exclude the answer of the witness, as the grounds upon which the motion was based were not stated. Furthermore, if these objections and motion to exclude had been properly made, the error, if any, in overruling them, was cured by the testimony of the defendant himself, when he testified that he sold the wagon to his brother in Coffee county, and that his brother carried it over into Dale county. The accused cannot complain of improper admission of testimony, where

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

he himself testifies to the same state of facts. McIntyre v. State, 1 Ala. App. 200, 55 South. 639.

[6] There was no error in the court's oral charge, wherein he told the jury that they could look to the false representations by the defendant about the wagon having been burned, for the purpose of showing the intent of the defendant in the commission of the crime. Walker v. State, 49 Ala. 398.

There appearing no error in the record, the judgment of conviction rendered in the lower court is affirmed.

Affirmed.