182 So. 464

WILLIAMS, Superintendent of Banks, v. MAHONE et al.

4 Div. 11.

Supreme Court of Alabama.
May 12, 1938.

W. H. Stoddard, of Luverne, for appellant.

Thompson & Little, of Luverne, for appellees.

### GARDNER, Justice.

The bill attacks as fraudulent and void a conveyance of eighty acres of land made by S. F. Mahone and wife to their son, William F. Mahone, bearing date April 15, 1934.

S. F. Mahone at that time was indebted to the Bank of Luverne (now in liquidation) in the amount of $915, as evidenced by his note upon which judgment was subsequently rendered in the sum of $1,000 on March 30, 1935, with a stay of execution until October 1, 1935. The deed of the Mahones to their son was placed on record April 18, 1935.

The valuation of the property appears to be about $2,400, and constituted all the land the grantor owned. The recited consideration in the deed was $500, but as the land was under mortgage to the Federal Land Bank in a sum in excess of $1,800, there is no material disparity as to the purchase price and value.

The bill is rested upon the theory there was in fact no consideration, and that is the important question of fact in the case. The Bank of Luverne was an existing creditor at the time and the deed was by father to son. The burden of proof was thus shifted to defendants to establish by strong and convincing evidence that an adequate and valuable consideration was paid for the conveyance.

Though the relationship is not within itself a badge of fraud, yet under all the authorities, supported by reason and common sense, transactions between such relatives are to be jealously watched, and must be subjected to closer scrutiny than would be required of a stranger. Williams v. Ellington, 233 Ala. 638, 172 So. 903.

The single and controlling issue of fact is whether or not the $500 was in fact paid. True the father and son so testify, but witnesses may be as thoroughly impeached by the inherent improbabilities of their testimony as by the direct testimony of witnesses, and even though evidence is uncontradicted, it need not be accepted as proof of a fact when contrary to all reasonable probabilities of the case. Williams v. Ellington, supra. Both testify the money was paid in cash. There were neither receipts nor memoranda. The father and son were respectively approximately sixty-five and twenty-five years of age at the time. The eighty acres were occupied by tenants. The father continued to look after and collect the rents after the deed was executed, and he also continued to assess the property as his own until after the filing of this bill. The son was not present at the execution of the deed and had no part in its being put on record a year later. His father also attended to that. The father says all was paid before the deed was executed, but remembers no particular time of payment and no particular sum. The son says he began paying "something about the first of 1934," but does not remember the amount, probably twenty-five or thirty dollars, or "probably around thirty-five or forty dollars—whatever I had at that time." In answer to the question, "When did you make the next payment?" he said: "I don't know, sir. I can't tell you; I imagine I made one during that year sometime." He had no idea of the amount paid at that time. "Q. No idea at all? A. No, sir. Sometimes I didn't pay more than five or ten dollars, something like that, probably.

"Q. Now when did you make the third payment? A. Really don't know. I might have made it that year or the next.

"Q. And might have been the next year? A. Might have been, I really don't know."

He did not remember the amount, and as to the fourth payment could give no idea of the time. As to the last payment, he says: "Well, I made the last payment—you might say it was a kind of agreement. I gave him an automobile. The automobile is—I think they have it in Macon now.

Any way—I am not sure—any way we agreed that was the last of it. * * * That was sometime during 1936, I believe." That was a used car—a 1928 or 1929 model Dodge. Asked as to the value of the land, the son replied: "I don't have the slightest idea of the value of the land, at all." He further testified:

"Q. In any of those transactions, Fletcher, did you make a memorandum on a book of accounts or anything like that or was it just a transaction between you and your father and you made no memorandum? A. I didn't make any memorandum of any of it.

"Q. And took no receipt? A. No, sir.

"Q. Now I notice, did you have the deed recorded, William Fletcher? A. No, sir, he had it recorded.

"Your father had it recorded? A. I suppose so; I left it with him to attend to.

"Q. You were not present when the deed was signed, were you? A. When the deed was signed?

"Q. When your mother and father signed the deed were you present? A. No, sir.

"Q. And you don't know anything about what happened or where it was or anything like that? A. No, sir.

"Q. And you had nothing to do with the recording of the deed? A. No, sir."

We have here reviewed the • substance of the testimony of both father and son relating to the matter of consideration, omitting many details that add some color to the transaction, but we consider this brief outline suffices to demonstrate that defendants have failed to meet the burden of proof resting upon them to establish by strong and convincing evidence that an adequate and valuable consideration was paid. Conflicts in the evidence of father and son and inherent improbabilities are to our minds quite apparent. The proof for the defendants as to this transaction will not bear close scrutiny, and we consider further discussion unnecessary.

Perhaps the same result would obtain upon a proceeding to enforce the judgment lien as against the unrecorded deed, by virtue of section 6887, Code of 1923, as construed by this court in Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101; Chadwick v. Carson, 78 Ala. 116; Sutley v. Dothan Oil Co., 235 Ala. 475, 179 So. 819.

But as the case has proceeded upon the theory hereinabove outlined, and as we have reached a conclusion in accord with such theory, this latter question is pretermitted and left to one side.

We are persuaded the complainant was entitled to the relief sought, and that the decree dismissing the bill was laid in error. That decree will accordingly be reversed and one here rendered granting the relief prayed, and the cause remanded to the court below for further proceedings therein.

Reversed, rendered and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.