40 So.2d 333

### GRISSOM v. DAHART ICE CREAM CO., Inc., et al.

#### 6 Div. 711.

Court of Appeals of Alabama.

Jan. 18, 1949.

Rehearing Denied Feb. 8, 1949.

285

Gibson & Hewitt, of Birmingham, for appellant.

Jos. S. Mead, of Birmingham, for appellee Dahart Ice Cream Co.

Francis H. Hare, of Birmingham, for appellee DeLuxe Cab Co.

CARR, Judge.

The plaintiff below stated her cause of action under one count of her complaint in which the Dahart Ice Cream Company and the DeLuxe Cab Company were named as defendants.

She alleged that she was riding as a passenger for hire in the cab of the latter company, and while so journeying she sustained personal injuries incident to a collision between the car in which she was riding and an automobile operated by an agent of the Dahart Ice Cream Company.

In the court below she was awarded damages in the amount of $100.00 against the last named defendant. The jury rendered a verdict in favor of the DeLuxe

Cab Company. The plaintiff brings this appeal.

It is without dispute in the evidence that the alleged collision did, in fact, occur. The agency of either of the drivers of the colliding vehicles is neither controverted nor denied.

■ It is insisted that appellant was due the general affirmative charge against the DeLuxe Cab Company. There is clearly no merit in this position. When the evidence is considered in its various aspects there can be no doubt that a jury question was posed. McMillan v. Aiken, 205 Ala. 35, 85 So. 135.

■ Ernest Armstrong was the driver of the car which belonged to the Dahart Ice Cream Company. With reference to this person, appellant's counsel asked a witness: "Do you know of your own knowledge whether or not he plead guilty to reckless driving in the Police Court?"

If the court was in error in disallowing the answer (a question we do not decide), it was without ultimate injury to the rights of appellant. At a subsequent time in the proceedings Armstrong declared that this was a fact, and his admission was never controverted. Walker v. Graham et al., 233 Ala. 539, 172 So. 655; Parsons v. State, 32 Ala.App. 266, 25 So.2d 44.

It appears that about three years prior to the time of instant concern the appellant sustained rather serious personal injuries incident to a collision between a car in which she was riding and a bus. In the case at bar she claimed among her injuries a fracture to her skull. A controversial factual issue arose during the progress of the instant trial relating to the inquiry of whether or not appellant suffered this specific injury at the time of the prior or present collision.

■ ■ One of appellant's witnesses was interrogated both on direct and cross examination with reference to what he observed about appellant's head when he saw her at the hospital soon after the collision which is the basis of the case at bar. In each instance the witness replied in effect that he did not look at appellant's head and knew nothing about any injury thereto.

On redirect examination counsel asked the same witness: "I am going to ask you then for the purpose of refreshing your recollection, whether or not you noticed a swollen place on the girl's head on the left hand side near her forehead, with reference to Carrie Lee and she appeared to be in a dazed condition?"

The court properly sustained the objections to this highly leading question. It is not contemplated that the right to refresh a witness' recollection should relate to a matter about which it is evident he could have no basis for an intelligent reply.

■ Assignment of error number 25 is predicated on the action of the court in overruling appellant's objections to a question to which there was a negative answer. As the interrogation was framed, this response could not in any manner have prejudiced the rights of the objector. Stephens v. State, 250 Ala. 123, 33 So.2d 245; Rogers v. State, 15 Ala.App. 148, 72 So. 689.

■ Assignments of error numbered 26, 27, and 30 are based on the action of the court in overruling objections of appellant's counsel to certain questions. In each instance only general grounds are stated in support of the objections. Unless the evidence is manifestly irrelevant and illegal, error will not be predicated on the action of the court in overruling objections which are based only on the general grounds. Johnston v. Isley, 240 Ala. 217, 198 So. 348; Carter v. State, 16 Ala.App. 184, 76 So. 468.

■ A general objection to a question has the effect of waiving all special grounds. Rogers v. Whittle, 15 Ala.App. 550, 74 So. 96.

■ Appellant's counsel objected to two hypothetical questions which were propounded to a medical expert. Some latitude is permitted here, and it is not required that every fact relating to the inquiry and shown by the preceding evidence be included in the question. The sufficiency of the inclusion is committed in a

large measure to the discretion of the court. Sovereign Camp, W.O.W. v. Davis, 242 Ala. 235, 5 So.2d 480. We hold that the rule was not violated in this particular.

■ During the redirect examination of appellant this occurred:

"Q. (By Mr. Gibson): Now, Mr. Hare stated in his statement to the jury, that you sued the Birmingham Electric Company for this same injury.

"Mr. Hare: We object to the testimony of the witness as to what I told the jury. That isn't a question.

"The Court: Sustained.

"Mr. Gibson: We except. You don't deny it, do you?

"Q. Did you sue the Birmingham Electric Company for a fractured skull? A. No, sir."

The statement to which objections were sustained is not, in fact, a question. Apparently an interruption intervened before the inquiry was completed. It is reasonable to assume that the question which immediately followed was intended to be included. If so, the appellant was afforded the full benefit of the anticipated reply. In any event, as the matter appears in the record, we are not authorized to base reversible error.

Many of the assignments of error are predicated on the action of the court in giving certain written instructions at the instance of the defendants below. Some of these can be appropriately grouped for review.

■ We consider first those identified and numbered, DeLuxe 22, DeLuxe 24, Dahart 6, Dahart 7, Dahart 8, Dahart 11, Dahart 12, Dahart 13. The above charges seek to disassociate and distinguish the matter of the alleged skull injury with reference to the prior and present automobile accidents.

As to some of these it is insisted that there is a failure to take into account any aggravation of the prior fracture which may have been caused by the collision of instant concern. We think that if this recognized doctrine had been applied the charges would have had the effect of bringing into the case abstract factual issues. The appellant took the position that the collision in 1944 did not result in any injury to her head; that she suffered the fracture on the occasion about which she now complains. On the contrary, the appellee's evidence tended to show that the X-rays and physical examinations disclosed that the fracture was not of recent origin. There was no evidence from which the jury could have estimated or fixed any damage for aggravation or intensification of any existing malady.

■ With particular reference to charge DeLuxe 22, supra, it is urged that the two typographical errors should condemn the instruction. This, in our view, is hypercritical.

■ It is pointed out in brief of counsel that charge DeLuxe 24, supra, omits the words "in this case" immediately after the words "from the evidence" and uncertainty follows by the use of the expression "made worse as a result of *this accident*." (Emphasis ours.) If there is a tendency here to mislead, it could have been obviated by the tender of an explanatory charge.

If there are any inaccuracies or tendencies to mislead in either charge DeLuxe 16 or DeLuxe 23, explanatory charges would have corrected the defect. Cox v. Roberts, 248 Ala. 372, 27 So.2d 617; Moore v. Cruit, 238 Ala. 414, 191 So. 252.

■ It is true, as urged, that there was no direct evidence that appellant was not a fare-paying passenger in the cab in which she was riding. Upon this premise, it is insisted that charge DeLuxe 28 should have been refused. There appear sufficient facts from which a reasonable inference could have been drawn that upon arrival at her destination she would not have been required to pay for her passage. Williams et al. v. Ellington, 233 Ala. 638, 172 So. 903; Williams et al. v. Mahone, 236 Ala. 94, 182 So. 464.

■ Without dispute in the evidence the collision in question occurred during the late afternoon of June 13th, 1947. X-ray pictures were taken of appellant's head soon thereafter. This exhibit bears

date of June 12th, 1947. Because of this apparent error in the latter date, it is insisted that the accident could have occurred on June 12th and therefore charge Dahart 5 was improperly given. The record does not support this position.

■ Objection of appellee, DeLuxe Cab Company, was interposed to the following statement of appellant's counsel to the jury:

"There has been something said here about this woman working for the Colored Veterans Cab Company and about her working for the DeLuxe Cab Company. If she was working for the DeLuxe Cab Company, there would have been a record and if there was, these lawyers would have had that record here."

There was no evidence presented which tended to prove that the DeLuxe Cab Company kept or had any records of the appellant's employment. Objections were properly sustained to this statement.

■ Among the grounds stated in the motion for a new trial is that the verdict against the Dahart Ice Cream Company is inadequate. The merit, vel non, of this contention depends on whether or not the appellant suffered a fracture to her skull at the time of the occasion about which we are now concerned. As we have indicated, this was a jury question. With this more serious injury left out of account, we hold that the amount of damages which the jury fixed should not be by us disturbed.

The court also overruled the motion for a new trial in which it was sought to set aside the verdict as against the DeLuxe Cab Company. It would be out of harmony with the accepted rule to predicate error here.

It is ordered that the judgment of the court below be affirmed.

Affirmed.

### On Rehearing

■ In brief on application for rehearing counsel states:

"This Honorable Court inadvertently failed to state, in its opinion, as to whether or not the Court considered said verdict contrary to the great weight of the evidence, which will preclude appellant from raising this point on a petition for writ of certiorari to the Supreme Court in the event this application for rehearing is overruled. It is respectfully requested and urged that this Honorable Court pass on the question as to whether or not the trial court erred in overruling appellant's motion for a new trial as to the appellee, DeLuxe Cab Company, Inc., on this ground."

It will be noted that we did hold that we would not be authorized to predicate error on the action of the trial court in overruling the motion for a new trial as against the DeLuxe Cab Company. Our reference here related to the ground in the motion that the verdict was contrary to the evidence. This was the only ground upon which insistence was made in brief of counsel.

To respond to the other insistences in support of the motion for a rehearing would in effect be a reiteration of our views expressed in the original opinion.

Application for rehearing is ordered overruled.